UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| VS. ) ) | 3:06-CV-2213-G |
| JOHN WORTH, Individually and d/b/a COMPUTER'S WORTH, INC. d/b/a COMPUTER'S, INC. d/b/a COMPUTERS WORTH 2006, ET AL., ) ) ) ) ) | **ECF** |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Microsoft Corporation ("Microsoft") to strike the defendants' fourth, twelfth, and thirteenth affirmative defenses pursuant to FED. R. CIV. P. 12(f). For the reasons set forth below, the motion is denied.

I. BACKGROUND

On December 4, 2006, Microsoft filed this action against John Worth and Alicia Worth a/k/a Alicia Watson in both their individual capacities and in their

capacities as sole-proprietors of Computer's Worth, Inc., Computer's Worth, and Computers Worth 2006 (collectively, "the defendants"). Complaint ¶¶ 2-3. This case asserts, *inter alia*, copyright and trademark infringement by the defendants. *Id.* ¶¶ 24-43. Specifically, the complaint alleges three transactions involving Microsoft and the defendants in which the defendants sold counterfeit Microsoft products to undercover representatives of Microsoft. *Id.* ¶¶ 15-16, 18. Microsoft alleges that between the second and third transaction, it notified the defendants that they had distributed counterfeit software, which infringed on Microsoft's intellectual property rights, and ordered the defendants to cease and desist. *Id.* ¶ 17.

On February 21, 2007, the defendants filed their answer to the complaint denying the alleged transactions and notification. Defendants John Worth's and Alice Worth's Answer to the Complaint ("Defendants' Answer") at 6-7. Further, they asserted fifteen affirmative defenses. *Id.* at 17-18. On March 13, 2007, Microsoft filed the instant motion to strike three of the defendants' affirmative defenses: unclean hands, copyright and trademark misuse, and the first sale doctrine. Brief in Support of Microsoft's Motion to Strike Defendants' Fourth, Twelfth, and Thirteenth Affirmative Defenses ("Motion to Strike") at 5.

## II.  ANALYSIS

Microsoft argues that the affirmative defenses are insufficient as a matter of law because: (1) the affirmative defenses are not related, in any manner, to the

allegations in the complaint; (2) the affirmative defenses cannot serve to excuse the defendants' actions; and (3) the affirmative defenses were not sufficiently pled. *Id.* at 5-6.

### A. Standard for Pleading under Rule 8

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Thus, an affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced. *Woodfield*, 193 F.3d at 362. In some instances the mere naming of the defense will suffice. *Id.* The court finds that the three affirmative defenses in questions have been pled with sufficiency to satisfy Rule 8(a). Accordingly, to the extent the plaintiff moves to strike the defenses on this ground, the motion is denied.

### B. Standard for Motion to Strike under Rule 12(f)

Rule 12(f) confers on the court the authority, upon motion by a party or *sua sponte*, to order as stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f) are disfavored. *Federal Deposit Insurance Corporation v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993) (Sanders, C.J.). A court should not strike any portion of a pleading as irrelevant unless: (1) there is no possible relation between the challenged portion

of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party.  See *OKC Corporation v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.).  While the decision to grant a motion to strike rests with the discretion of the trial court, a court must deny a motion to strike a defense if there is any question of law or fact.  *Federal Deposit Insurance Corporation v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.);  See also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."), *cert. denied*, 459 U.S. 1105 (1983).

C.  The Defendant's Affirmative Defenses

1.  *Unclean Hands*

A well-proven unclean hands defense "will bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992).  The defense is available only where the plaintiff's misconduct is directly related to the merits of the controversy between the parties. *Mitchell Brothers Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917 (1980).  Additionally, an unclean hands defense can prevent the award of equitable relief.  *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 794 (5th Cir. 1999).

As an affirmative defense, unclean hands can absolve the defendant of liability from both the legal claims of copyright and trademark infringement and the equitable claims for injunctive relief. On the information before it, the court cannot say that the affirmative defense is so unrelated to the controversy as to warrant striking the defense.

### 2. *Copyright Misuse*

The misuse doctrine bars a plaintiff's recovery for copyright infringement if that copyright is used unlawfully. *Alcatel USA, Inc.*, 166 F.3d at 792. The doctrine forbids using a copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and in a manner inconsistent with public policy. *Id.* In the Fifth Circuit, copyright misuse is a valid defense against infringement claims. See *DSC Communications Corporation v. DGI Technologies, Inc.*, 81 F.3d 597, 601 (5th Cir. 1996). Microsoft questions the legal sufficiency of the copyright misuse defense based on the facts alleged in its complaint and contends there is no connection between Microsoft's alleged misconduct and the defendant's copyright infringement. Motion to Strike at 10-11.

Striking copyright misuse as a defense in the instant case is inappropriate. The Rule 12(f) standard calls for a connection between the claims and the defense, not an absolute determination of the efficacy of the defense on the merits. The majority of the cases cited by Microsoft in support of the motion to strike involved motions for

summary judgment in which the court determined, after discovery, that the defense was insufficient as a matter of law.[*]

The Fifth Circuit recognizes the defense as a legitimate bar to an infringement claim. *Alcatel USA, Inc.*, 166 F.3d at 792-93. Consequently, the affirmative defense, if proven, may be legally sufficient to shield the defendants from liability in a copyright infringement action.

### 3. *Trademark Misuse*

Microsoft contends that, as a matter of law, trademark misuse is insufficient to constitute a defense. "Although the courts are unsettled about whether the defense of 'trademark misuse' even exists, it has been applied where a defendant can show that a

---

[*] The exceptions are *Microsoft Corporation v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002), and *Microsoft Computer Support Services of Carolina, Inc.*, 123 F. Supp. 2d 945 (W.D.N.C. 2000). Though *Jesse's Computers & Repair* is factually similar to the instant case, the court there granted Microsoft's Rule 12(f) motion to strike copyright misuse as a defense because that particular defense is not recognized in the Eleventh Circuit. 211 F.R.D. at 684-85. The same is not true in the Fifth Circuit. See *DSC Communications Corporation*, 81 F.3d at 601.

The other exception is *Computer Support Services of Carolina, Inc.*, which struck the copyright misuse affirmative defense on a Rule 12(f) motion because the court required the defendant to show "a nexus between the plaintiff's purported misconduct and the defendant's infringing acts." 123 F. Supp. 2d at 955. While this nexus standard has been adopted by some district courts, it has been rejected by others. See *International Motor Contest Association, Inc. v. Staley*, 434 F. Supp. 2d 650, 668-69 (N.D. Iowa 2006); *Microsoft Corporation v. Fredenburg*, Civ. A. No. 05-1710, 2006 WL 752985, at *1 (W.D Pa. Mar. 22, 2006). For its part the Fifth Circuit has not articulated a standard requiring the defendant to make this nexus showing. Furthermore, the only court of appeals to address the existence of a nexus requirement -- the Third Circuit -- rejected the requirement. See *International Motor Contest Association, Inc.*, 434 F. Supp. 2d at 669 (quoting *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 342 F.3d 191, 204 (3rd Cir. 2003)).

plaintiff has used its marks in violation of the antitrust laws or has made misrepresentations to the public in an attempt to increase the scope of its marks." *Deere & Co. v. MTD Holdings, Inc.*, No. 00-CV-05936, 2004 WL 1794507, at *3 (S.D.N.Y. Aug. 11, 2004). For the same reasons articulated above in the analysis of the copyright misuse affirmative defense, the court finds the trademark misuse defense to be legally sufficient. Only future discovery on the issue will reveal whether the affirmative defense is related to the allegations in the complaint.

### 4. *First Sale Doctrine*

Under the first sale doctrine, a copyright holder has the exclusive right to vend its product and may place restrictions on the product's use. *American International Pictures, Inc. v. Foreman*, 576 F.2d 661, 663-64 (5th Cir. 1978). However, after the first sale, a copyright holder has no control over the occurrence or conditions of future sales. *Id.* Thus, copyright holders lose the ability to control their product after the "first sale." *Id.* The first sale doctrine does not, however, cover the sale of counterfeit or illegally-reproduced copies. *Microsoft Corporation v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1006 n.8 (S.D. Tex. 2000).

The crux of Microsoft's argument regarding the need to strike this defense is that the defense is legally insufficient because the defendants sold unlawfully-made or counterfeit software. Motion to Strike at 12-14. The defendants deny the accusation that the products they sold were counterfeit. Defendants' Answer ¶¶ 14-20. Thus,

whether the first sale doctrine is available as an affirmative defense rests on disputed factual issues.  The outcome of that factual dispute may relieve the defendants of liability from the plaintiff's claims.  Therefore, the court will not strike this defense.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to strike is **DENIED**.

**SO ORDERED**.

July 5, 2007.

```
                                         _____
                                              A. JOE FISH
                                              CHIEF JUDGE
```